IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 12-0240-WS |
| | ) | |
| MIGUEL TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

This matter is before the Court on the defendant's motion for reconsideration of sentencing. (Doc. 562). On January 27, 2014, the Court sentenced the defendant to a term of 72 months, which represented a substantial downward departure from the guidelines. The defendant asserts that, from his viewpoint, his sentence is too high compared with those of certain of his co-defendants.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). In particular, "[t]he court may not modify a term of imprisonment once it has been imposed except": (1) on motion of the Director of the Bureau of Prisons; (2) when a defendant's sentencing range has subsequently been lowered by amendment to the guidelines made retroactive by the United States Sentencing Commission; or (3) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c). The Court lacks authority to modify a sentence outside these tightly circumscribed parameters. *United States v. Diaz-Clark,* 292 F.3d 1310, 1319 (11th Cir. 2002).

The director of the Bureau of Prisons has not moved to modify the defendant's sentence, nor does the defendant suggest that the sentencing guidelines have been amended in a manner beneficial to him. He does not invoke any statute, and modification

[1]

"otherwise expressly permitted by statute" refers to motions to vacate under 28 U.S.C. § 2255. *Diaz-Clark*, 292 F.3d at 1316. The defendant has not filed a motion to vacate.

Thus, the defendant's last chance for relief is Rule 35. Rule 35(b) requires a government motion for a reduced sentence, and none has been filed. Rule 35(a) provides that, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The authority to modify a sentence under Rule 35(a) is "very narrow," and the rule "is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence." *United States v. Lett*, 483 F.3d 782, 787 (11th Cir. 2007) (internal quotes omitted). Because the defendant seeks nothing but a judicial change mind about the appropriateness of his sentence, he falls outside Rule 35(a).

For the reasons set forth above, the defendant's motion for reconsideration is **denied.**

DONE and ORDERED this 18th day of February, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE